DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Team
ADELMISE WARNER, State Bar #215385
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3930
Facsimile:    (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELBERT HARRIS, III,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF PUBLIC HEALTH; ROBERT THOMAS, Director of Human Resources, Laguna Honda Hospital and Rehabilitation Center; and LARRY BEVAN, Licensed Psychiatric Technician, Laguna Honda Hospital and Rehabilitation Center, and DOES 1 through 25,<br><br>            Defendants. | USDC NO. CV 08 - 2353 PJH<br><br>*E-FILING CASE*<br><br>**ANSWER OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, ROBERT THOMAS, AND LARRY BEVAN TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed:    May 7, 2008<br>Trial Date:              None Set |

**DEFENDANTS' ANSWER TO COMPLAINT**
**CASE NO.: CV 08 - 2353 PJH**

n:\labor\li2008\081284\00489983.doc

Defendants City and County of San Francisco (the "City"), Robert Thomas, and Larry Bevan (collectively, "Defendants") hereby respond to the Complaint For Declaratory Relief, Injunctive Relief and Damages ("Complaint") filed by Plaintiff Elbert Harris, III ("Plaintiff") as follows:

I

FACTS COMMON TO ALL CAUSES OF ACTION

1. In response to Paragraph 1 of the Complaint, Defendants lack information or knowledge sufficient to respond to Plaintiff's allegation as to his racial background and his residency and, on that basis, Defendants deny each and every such allegation.

2. In response to Paragraph 2 of the Complaint, Defendants admit that the City and County of San Francisco is a government entity and a municipality in the State of California. Defendants also admit that Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda") is owned and operated by the City's Department of Public Health. Defendants further admit that Robert Thomas is the Labor Relations Manager of Human Resource Services at Laguna Honda. Defendants also admit that Larry Bevan is a licensed Psychiatric Technician assigned to work at Laguna Honda. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants deny each and every allegation contained therein.

5. In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff was employed by the City in the job classification of 2302 (Nursing Assistant), and was assigned to Laguna Honda. Defendants also admit that Plaintiff began working for the City in or about December 1984. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendants deny each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

II

FIRST CAUSE OF ACTION

AS TO ALL DEFENDANTS

42 U.S.C. Section 1981

9. In response to Paragraph 9 of the Complaint, Defendants incorporate by reference their allegations, admissions and denials as set forth in Paragraphs 1 through 8, inclusive, with the same force and effect as if fully set forth herein.

10. In response to Paragraph 10 of the Complaint, Defendants admit that, pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over the claims brought by Plaintiff under 42 U.S.C. § 1981. Defendants also contend that the statutory language of 42 U.S.C. § 1981 speaks for itself. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendants admit that venue is proper in this judicial district.

12. In response to Paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Defendants admit that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC")

that Plaintiff filed a charge of discrimination with the Agency on or about May 6, 2008.  Defendants further admit that Exhibit 1 to the Complaint reflects a copy of that discrimination charge.  Defendants assert that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 6, 2008 discrimination charge.  Hence, Defendants agree that Plaintiff has not exhausted his administrative remedies, as required by applicable laws.  Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 16 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

III

SECOND CAUSE OF ACTION

AS TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO

42 U.S.C. SECTION 2000e-2

17.   In response to Paragraph 17 of the Complaint, Defendants incorporate by reference their allegations, admissions and denials as set forth in Paragraphs 1 through 16, inclusive, with the same force and effect as if fully set forth herein.

18.   In response to Paragraph 18 of the Complaint, Defendants deny that the statutory provision stated by Plaintiff – 42 U.S.C. Section 2000e(5)(3) provides this Court with original jurisdiction based on the fact that this statutory provision does not exist.  Defendants also contend that the statutory language of 42 U.S.C. Section 2000e-2(a) speaks for itself.  Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 18 of the Complaint.

19.   In response to Paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20.   In response to Paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21.   In response to Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

22.   In response to Paragraph 22 of the Complaint, Defendants admit that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC")

that Plaintiff filed a charge of discrimination with the Agency on or about May 6, 2008.  Defendants further admit that Exhibit 1 to the Complaint reflects a copy of that discrimination charge.  Defendants assert that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 6, 2008 discrimination charge.  Hence, Defendants agree that Plaintiff has not exhausted his administrative remedies, as required by applicable laws.  Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 22 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

IV

THIRD CAUSE OF ACTION

AS TO ALL DEFENDANTS

42 U.S.C. 2000-3

23.     In response to Paragraph 22 of the Complaint, Defendants incorporate by reference their allegations, admissions and denials as set forth in Paragraphs 1 through 22, inclusive, with the same force and effect as if fully set forth herein.

24.     In response to Paragraph 24 of the Complaint, Defendants deny that the statutory provision stated by Plaintiff – 42 U.S.C. Section 2000e(5)(3) provides this Court with original jurisdiction based on the fact that this statutory provision does not exist.  Defendants also contend that the statutory language of 42 U.S.C. Section 2000e-3 speaks for itself.  Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 10 of the Complaint.

25.     In response to Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26.     In response to Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

27.     In response to Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28.     In response to Paragraph 28 of the Complaint, Defendants admit that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC")

that Plaintiff filed a charge of discrimination with the Agency on or about May 6, 2008. Defendants further admit that Exhibit 1 to the Complaint reflects a copy of that discrimination charge. Defendants assert that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 6, 2008 discrimination charge. Hence, Defendants agree that Plaintiff has not exhausted his administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 22 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

V

FOURTH CAUSE OF ACTION

AS TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO

GOVERNMENT CODE SECTION 12940a

29. In response to Paragraph 29 of the Complaint, Defendants incorporate by reference their allegations, admissions and denials as set forth in Paragraphs 1 through 22, inclusive, with the same force and effect as if fully set forth herein.

30. In response to Paragraph 30 of the Complaint, Defendants deny that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendants also contend that the statutory language of Government Code Sections 12940a and 12965 speak for themselves. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendants lack information or knowledge sufficient to respond to Plaintiff's allegation as to his ancestral background and, on that basis, Defendants deny each and every such allegation.

32. In response to Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. In response to Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35. In response to Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36. In response to Paragraph 36, Defendants admit that Exhibit 2 to the Complaint reflects the same charge of discrimination referenced in Paragraphs 16, 22, and 28 in the Complaint, and Defendants incorporate by reference their responses, including their denials, to those allegations, as set forth in Paragraphs 16, 22, and 28 above. Moreover, Defendants admit that Exhibit 3 to the Complaint appears to be a Notice of Right-To-Sue issued by the Department of Fair Employment of Housing, and is dated May 6, 2008. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 36 of the Complaint, including the allegations contained in Exhibits 2 and 3 to the Complaint.

VI

FIFTH CAUSE OF ACTION

AS TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO

GOVERNMENT CODE SECTION 12940a

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference their allegations, admissions and denials as set forth in Paragraphs 1 through 36, inclusive, with the same force and effect as if fully set forth herein.

38. In response to Paragraph 38 of the Complaint, Defendants deny that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendants also contend that the statutory language of Government Code Sections 12940h and 12965 speak for themselves. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 38 of the Complaint.

39. In response to Paragraph 37 of the Complaint, Defendants admit that Plaintiff was an employee of the City. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

41. In response to Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

42. In response to Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

43. In response to Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44. In response to Paragraph 44 of the Complaint, Defendants admit that Exhibit 2 to the Complaint reflects the same charge of discrimination referenced in Paragraphs 16, 22, and 28 in the Complaint, and Defendants incorporate by reference their responses, including their denials, to those allegations, as set forth in Paragraphs 16, 22, and 28 above. Moreover, Defendants admit that Exhibit 3 to the Complaint appears to be a Notice of Right-To-Sue issued by the Department of Fair Employment of Housing, and is dated May 6, 2008. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 44 of the Complaint, including the allegations contained in Exhibits 2 and 3 to the Complaint.

## VII

## SIXTH CAUSE OF ACTION

## GOVERNMENT CODE SECTION 12900, ET SEQ.

## HARASSMENT

45. In response to Paragraph 45 of the Complaint, Defendants incorporate by reference their allegations, admissions and denials as set forth in Paragraphs 1 through 36, inclusive, with the same force and effect as if fully set forth herein.

46. In response to Paragraph 46 of the Complaint, Defendants deny that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendants also contend that the statutory language of Government Code Sections 12940j and 12965 speak for themselves. Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 46 of the Complaint.

**DEFENDANTS' ANSWER TO COMPLAINT**  7  n:\labor\li2008\081284\00489983.doc
**CASE NO.: CV 08 - 2353 PJH**

1    47.    In response to Paragraph 47 of the Complaint, Defendants admit that Plaintiff was an employee of the City.  Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 47 of the Complaint.

48.    In response to Paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49.    In response to Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

50.    In response to Paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

51.    In response to Paragraph 51 of the Complaint, Defendants admit that Exhibit 2 to the Complaint reflects the same charge of discrimination referenced in Paragraphs 16, 22, and 28 in the Complaint, and Defendants incorporate by reference their responses, including their denials, to those allegations, as set forth in Paragraphs 16, 22, and 28 above.  Moreover, Defendants admit that Exhibit 3 to the Complaint appears to be a Notice of Right-To-Sue issued by the Department of Fair Employment of Housing, and is dated May 6, 2008.  Except as so expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 51 of the Complaint, including the allegations contained in Exhibits 2 and 3 to the Complaint.

VIII

PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief identified in the Complaint.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to the Complaint, without conceding that Defendants have the burden of persuasion or the burden of proof as to any affirmative defense set forth herein:

**FIRST AFFIRMATIVE DEFENSE**

1.    The Complaint, and each and every allegation contained therein, whether considered singly or in combination, fail to state facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.　　The Complaint, and each and every claim set forth therein, are barred by applicable statute of limitations, including but not limited to the provisions of Government Code §§ 12960 and 12965, Code of Civil Procedure §§ 338, 340, 342, 343, and 1094.6, 28 U.S.C. § 1658, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000-*et seq.*

### THIRD AFFIRMATIVE DEFENSE

3.　　Plaintiff has failed, in whole or in part, to exhaust his administrative, judicial, and/or contractual remedies in a timely manner.

### FOURTH AFFIRMATIVE DEFENSE

4.　　Defendants assert the various absolute and qualified immunities conferred upon them, either directly or indirectly, pursuant to the United States Constitution and the California Government Code and other applicable provisions of law, including but not limited to those contained in Division 3.6 of Title 1 of the California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3; discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8.

### FIFTH AFFIRMATIVE DEFENSE

5.　　At all times and places alleged in the Complaint, Defendants acted in good faith, without malice or a fraudulent intent, and in conformity with and reliance upon applicable policies, procedures, regulations and laws.

### SIXTH AFFIRMATIVE DEFENSE

6.　　Any and all employment actions taken with respect to Plaintiff were not based on any discriminatory motive or in retaliation for any activity engaged in by Plaintiff, or based on any other improper or illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to fully comply with the claims filing requirements of applicable law, including, but not limited to, the California Tort Claims Act, as contained in the California Government Code Section 910, et seq.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred because any injury or damage suffered by Plaintiff was caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiff or a third party.

### NINTH AFFIRMATIVE DEFENSE

9. To the extent applicable, the Complaint, and each and every cause of action alleged therein, may be barred, in whole or in part, by various equitable doctrines, including the doctrines of laches, estoppel, waiver, unclean hands, collateral estoppel, and/or res judicata.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff has failed to use due diligence to mitigate their damages, if any, as required by law.

### ELEVENTH AFFIRMATIVE DEFENSE

11. At all times and places alleged in the Complaint, Defendants' actions were privileged, including but not limited to that described in California Civil Code § 47, and/or justified under applicable law.

### TWELFTH AFFIRMATIVE DEFENSE

12. The City is a public entity and, as such, it is immune from exemplary damages under sections 818 and 825 of the California Government Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint, and each and every cause of action therein, are barred by the exclusive remedy of the workers' compensation law because (1) the Workers Compensation Appeals Board has exclusive jurisdiction over any claim by Plaintiff for injuries to health, including but not limited to any claim of emotional distress or physical injuries, and any claim for injuries incurred in the examination, treatment or care of any such emotional distress or injuries and(2) any such injuries

arose out of and were sustained during the course and scope of Plaintiff's employment and were proximately caused by that employment.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The actions complained of by Plaintiff were done, in whole or in part, pursuant to a bona fide seniority and/or merit system.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. There are alternative adequate legal remedies available to Plaintiff and there is no danger of irreparable harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Any recovery may be barred, in whole or in part, by the after-acquired evidence doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants are not vicariously liable for any act or omission of any other person, whether by way of respondeat superior, agency, or otherwise.  If any wrongful activity occurred, or if Plaintiff suffered any injuries or damages, other parties or persons over whom Defendants had no control caused such injuries or damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. The City cannot be held liable under a respondeat superior theory for violations of 42 U.S.C. § 1981 based on alleged acts or omissions of its employees because the elements required for such liability under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), and its progeny, do not exist.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The Complaint, and each and every cause of action stated therein, fail to state facts upon which an order of attorneys' fees can be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The Complaint, and each and every cause of action therein, fail to allege facts sufficient to warrant punitive damages against the individual defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. No affirmative relief is warranted because any and all occurrences of which Plaintiff complains, if any there were, were due to reasons other than discrimination, retaliation, harassment, or any other impermissible basis.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred because they have failed to comply with the jurisdictional prerequisites to maintaining lawsuits under the California Fair Employment and Housing Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981, and to satisfy other jurisdictional and/or procedural prerequisites to suit.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. If Plaintiff is entitled to any recovery, Defendants are entitled to set off any prior recoveries, compensation, or benefits Plaintiff may have received in connection with the injuries or claims identified in this case and/or any collateral sources, including but not limited to having Plaintiff's recovery reduced as provided in Government Code § 985.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may apply in this case. Accordingly, Defendants reserve the right to assert additional affirmative defenses in this litigation as warranted.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be awarded for Defendants;

2. That Plaintiff's prayer for monetary damages and equitable relief be denied;

3. That Plaintiff take nothing by this action;

4. That Defendants be awarded their costs of suit, including attorney's fees; and

//
//
//
//
//

5. That the Court order such other and further relief for Defendants as the Court may deem just and proper.

Dated: June 13, 2008

>							DENNIS J. HERRERA
>							City Attorney
>							ELIZABETH S. SALVESON
>							Chief Labor Attorney
>							ADELMISE ROSEMÉ WARNER
>							Deputy City Attorney
>
>					By:	s/Adelmise Rosemé Warner
>							ADELMISE ROSEMÉ WARNER
>
>							Attorneys for Defendants
>							CITY AND COUNTY OF SAN FRANCISCO,
>							ROBERT THOMAS, AND LARRY BEVAN