1

2  CURTIS G. OLER, State Bar #63689
   LAW OFFICES OF CURTIS G. OLER
3  Post Office Box 15083
   San Francisco, CA  94115
4  Telephone: 415-346-8015
   Facsimile: 415-346-8238
5
   Attorney for Plaintiff,
6  ELBERT HARRIS, III

7

8  DENNIS J. HERRERA, State Bar #139669
   City Attorney
9  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Team
10 ADELMISE R. WARNER, State Bar #215385
   Deputy City Attorney
11 Fox Plaza
   1390 Market Street, Fifth Floor
12 San Francisco, California 94102-5408
   Telephone:    (415) 554-3930
13 Facsimile:    (415) 554-4248

14 Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, ET AL.

15              IN THE UNITED STATES DISTRICT COURT

16              FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

| | |
|---|---|
| 18  ELBERT HARRIS, III, | USDC NO. CV 08 - 2353 PJH |
| 19          Plaintiff, | *E-FILING CASE* |
| 20      vs. | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| 21  CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF | |
| 22  PUBLIC HEALTH; ROBERT THOMAS, | FRCP, Rule 26(f) |
|     Director of Human Resources, Laguna | Civ. L.R. 16-9(a) |
| 23  Honda Hospital and Rehabilitation Center; | |
|     and LARRY BEVAN, Licensed | Date: August 14, 20078 |
| 24  Psychiatric Technician, Laguna Honda | Time: 2:30 p.m. |
|     Hospital and Rehabilitation Center, and | Dept: Courtroom of the Honorable Phyllis |
| 25  DOES 1 through 25, | J. Hamilton [Courtroom 3, 17th Floor] |
| 26          Defendants. | Date Action Filed:   May 7, 2008 |
|     | Trial Date:           None Set |
| 27 | |
| 28 | |

**JOINT CMC STATEMENT / PROPOSED ORDER**            n:\labor\li2008\081284\00501885.doc
**CV 08 - 2353 PJH**

Plaintiff Elbert Harris, III ("Plaintiff") and Defendants City and County of San Francisco (the "City"), Robert Thomas ("Thomas"), and Larry Bevan ("Bevan") (collectively "Defendants") jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

## I. JURISDICTION AND SERVICE

The parties agree that the Court has original subject-matter jurisdiction over Plaintiff's federal claims because Plaintiff has sued under federal statutes, 42 U.S.C. Section 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2, *et seq*. ("Title VII"). The parties also agree that the Court has supplemental jurisdiction over Plaintiff's claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12900, *et. seq.*, pursuant to 28 U.S.C. § 1367.

No issues exist regarding personal jurisdiction or venue. All named parties have been served in this case. Defendants have all answered the Complaint.

## II. FACTS[1]

### A. Plaintiffs' Position

1. Plaintiff is an African American (Black) male.

2. Plaintiff was employed by Defendant City and County of San Francisco, Department of Public Health, from December, 1984 until May 16, 2008 as a Certified Nursing Assistant.

3. At all times during his employment, Plaintiff performed all of his assigned and related duties in an excellent manner.

4. On March 19, 2008, while so employed, Plaintiff was, without cause or provocation, physically accosted while on the premises of Laguna Honda Hospital and Rehabilitation Center by Defendant Larry Bevan (white), Licensed Psychiatric Technician, also employed by Defendant at said facility.

5. On March 19, 2008, Defendant Larry Bevan was acting in a supervisory capacity.

---

[1] The parties are unable to agree to a brief recitation of the facts. Defendants proposed a shorter version, but Plaintiffs insist on providing the Court with a more detailed account of the facts.

**JOINT CMC STATEMENT / PROPOSED ORDER**      1      n:\labor\li2008\081284\00501885.doc
**CV 08 - 2353 PJH**

6. Defendants City and County of San Francisco and Robert Thomas, Human Resources Manager - Labor Relations were duly and fully informed of said unlawful and impermissible conduct by Defendant Larry Bevan, by Plaintiff and percipient witnesses.

7. On March 19, 2008, Defendant City and County of San Francisco and Defendant Thomas placed Plaintiff on unpaid administrative leave where he remained until the termination of his employment.

8. At no time was Defendant Larry Bevan placed on unpaid administrative leave.

9. Plaintiff filed an administrative charge of discrimination with the United States Equal Employment Opportunity Commission on May 6, 2008, alleging:

"1. Plaintiff is an African American (Black) residing at 330 Dwight Street, San Francisco, California 94134.  My telephone number is 415 - 468-7822.

"2. Plaintiff is a Certified Nursing Assistant (CNA) and had been employed by the City and County of San Francisco, Laguna Honda Hospital and Rehabilitation Center, 375 Laguna Honda Boulevard, San Francisco, California telephone 415 759-2300 since on or about December 12, 1984.

"3. During his entire tenure as such, Plaintiff has always performed his assigned and related duties in an excellent manner.

"4. Notwithstanding, beginning in or about September, 2007, Plaintiff became subjected to a continuing pattern or unlawful discriminatory employment practices in his said employment which have included, but have not been limited to, disciplinary actions against him without cause or justification by placing him on unpaid administrative leave, harassment, and retaliation against him for his continuing protests of such unlawful discriminatory employment practices against him.

"5. Said actions have been taken against him by Robert Thomas, Director of Human Resources, and instigated by Larry Bevan, Licensed Psychiatric Technician (LPT), who has been unlawfully allowed by my employer to act as supervisor.

"6. Plaintiff has remained on unpaid administrative leave since March 19, 2008, with substantial loss of income and related benefits.

"7. Said actions have been taken against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*."

10. Thereafter, Plaintiff received a Notice of Right to Sue thereon, within 90 days of receipt thereof, dated June 6, 2008, from the United States Department of Justice.

11. Plaintiff filed the same administrative charge of discrimination with the California Department of Fair Employment and Housing on May 6, 2008 pursuant to the Fair Employment and Housing Act, California Government Code Section 12900, *et seq*.

12. Thereafter, on May 6, 2008, the California Department of Fair Employment and Housing issued Plaintiff a Notice of Right to Sue thereon within one year therefrom.

13. On May 7, 2008, Plaintiff filed the within complaint alleging a first cause of action for violation of 42 U.S.C. Section 1981; a second cause of action for violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2003-2; a third cause of action for violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(3); a fourth cause of action for violations of the California Fair Employment and Housing Act, California Government Code Section 12940a, for race and color discrimination; a fifth cause of action for violations of the California Fair Employment and Housing Act, California Government Code Section 12940h, for retaliation; and a sixth cause of action for violations of the California Fair Employment and Housing Act, California Government Code Section 12940j, for harassment.

14. On May 6, 2008, Defendant City and County of San Francisco issued a notice of intent to terminate Plaintiff from his said employment on the grounds that "it is not assured that you will adhere to the violence in the workplace policy" and that Plaintiff "is unwilling to take responsibility for his behavior that contributed to the negative interaction on March 19, 2008."

15. On May 15, 2008, Plaintiff responded fully, in writing, to said proposal to terminate his employment stating his reasons in objection thereto.

16. On May 16, 2008, at a Skelly hearing on said proposal to terminate Plaintiff's employment, Defendant, without cause or justification, hostilely and abruptly adjourned same.

17. On May 16, 2008, Defendant issued a Notice of Dismissal of Plaintiff from his said employment with restrictions preventing Plaintiff from future employment with Defendant City and County of San Francisco.

**JOINT CMC STATEMENT / PROPOSED ORDER**  3  n:\labor\li2008\081284\00501885.doc
**CV 08 - 2353 PJH**

18. Plaintiff filed an administrative charge of discrimination with the United States Equal Employment Opportunity Commission on May 22, 2008, alleging:

"2. Plaintiff was employed as a Certified Nursing Assistant (CNA) by the City and County of San Francisco, Laguna Honda Hospital and Rehabilitation Center, 375 Laguna Honda Boulevard, San Francisco, California telephone 415 759-2300 from on or about December 12, 1984 until he was terminated from his said employment effective May 21, 2008.

"3. During Plaintiff's entire tenure as such, he always performed all of his assigned and related duties in an excellent manner.

"4. Notwithstanding, beginning in or about September, 2007, Plaintiff began being subjected to a continuing pattern or unlawful discriminatory employment practices in his said employment which have included, but have not been limited to, disciplinary actions against him without cause or justification, by placing him on unpaid administrative leave, harassment and retaliation against him for his continuing protests of such unlawful discriminatory employment practices against him.

"5. Said actions have been taken against Plaintiff by Robert Thomas, (white) Human Resources Manager-Labor Relations, and instigated by Larry Bevan, (white) Licensed Psychiatric Technician (LPT), who has been unlawfully allowed by his employer to act as a supervisor.

"6. Plaintiff was placed on unpaid administrative leave beginning on or about March 21, 2008, after he was accosted by Larry Bevan, without cause or provocation while Bevan was allowed to remain employed with pay, even though he should have been subjected to severe disciplinary action.

"7. Plaintiff remained continuously on unpaid administrative leave until the termination of his employment effective May 21, 2008, while Bevan remained fully employed with full pay.

"8. Although Plaintiff appeared at a Skelly hearing on May 16, 2008, at 12:00 P.M., as directed by his employer, along with his attorney and his union representative, said matter without explanation was not convened until approximately 12:20 P.M., at which time his employer refused to proceed with such hearing and without cause or justification hostilely and abruptly adjourned same.

"9. Said actions have been taken against Plaintiff on account of his race and color, African-American (Black) and in retaliation against him because of his continuing protests of such unlawful

1  discriminatory employment practices against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*."

19.  Issuance of a Notice of Right to Sue thereon from the United States Department of Justice is pending.

20.  Plaintiff filed the same administrative charge of discrimination with the California Department of Fair Employment and Housing on May 22, 2008 pursuant to the Fair Employment and Housing Act, California Government Code Section 12900, *et seq*.  Issuance of a notice of right to sue thereon from the California Department of Fair Employment and Housing is pending.

21.  Defendant Larry Bevin continues to be gainfully employed at Laguna Honda and given additional responsibilities.

22.  Plaintiff remains unemployed and restricted from future employment with the City.

**B.     Defendants' Position**:

This is an employment action.  Plaintiff is a former employee of the City.  Plaintiff began working for the City in or about December 1984.  Plaintiff was a Certified Nursing Assistant, assigned to Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda").

On March 19, 2008, Plaintiff was involved in an altercation with Mr. Bevan, who is a Licensed Psychiatric Technician assigned to Laguna Honda, in the Nursing Office at Laguna Honda Hospital.  That altercation led various staff members to feel physically threatened by, and afraid of, Plaintiff.  The Hospital immediately initiated a Staff Incident Response Team ("SIRT") to stabilize the situation and reassure the staff's safety.

The Department began an investigation soon thereafter into the alleged disagreement between Plaintiff and Mr. Bevan.  Effective March 21, 2008, the Department placed Plaintiff on unpaid administrative leave pending the completion of the investigation into the incident.  The Department completed its investigation on April 18, 2008, and the Investigator issued an investigatory report.  In the report, the Investigator found that both Mr. Bevan and Plaintiff had some ongoing interpersonal conflicts that started back in September 2007.  The Investigator concluded that those conflicts escalated on March 19, 2008, and that unless Mr. Bevan and Plaintiff addressed those interpersonal conflicts, they are likely to repeat the March 19 incident.  Accordingly, the Investigator made various

1  recommendations, including but not limited to: (1) reassignment of both Mr. Bevan and Plaintiff to
2  Department sites other than Laguna Honda for at least three months; (2) anger management training
3  for both Mr. Bevan and Plaintiff; (3) conflict resolution training for both Mr. Bevan and Plaintiff; (4)
4  a mediated conflict resolution and communication session between Mr. Bevan and Plaintiff with an
5  outside professional mediator; (5) a written agreement between Mr. Bevan and Plaintiff regarding the
6  parameters of their working relationship; and (6) a written acknowledgement by both Mr. Bevan and
7  Plaintiff that they have read the relevant Department and Citywide Workplace Violence and
8  Harassment Free Workplace Policies.  Mr. Thomas concurred with the Investigator's conclusions and
9  recommendations.  Although Mr. Bevan participated in implementing the recommended
10 interventions, Plaintiff refused to do so.  Thus, on May 6, 2008, Plaintiff was notified that the
11 Department was recommending his dismissal from his employment with the City.  Plaintiff was
12 dismissed effective May 16, 2008 following a Skelly meeting.
13     Plaintiff filed the instant action on May 7, 2008 alleging that the Department's decision to
14 place him on unpaid administrative leave constituted discrimination and retaliation based on his race
15 and color, in violation of Section 1981, Title VII, and the FEHA.  Plaintiff also claims harassment by
16 Mr. Thomas and Mr. Bevan based on his race and color, in violation of the FEHA.
17     Defendants categorically deny that they have discriminated or retaliated against Plaintiff.
18 They further contend that the City had legitimate, non-discriminatory, and non-retaliatory reasons for
19 placing Plaintiff on unpaid administrative leave and ultimately terminating Plaintiff.  Moreover,
20 Defendants contend that they have not subjected Plaintiff to any form of harassment.

**III.    PRINCIPAL FACTUAL ISSUES IN DISPUTE**

22     The parties dispute the following factual issues.  Additional disputed factual issues may
23 develop as discovery proceeds.
24     (1)    Whether there is any evidence of racial discrimination toward Plaintiff by Defendants.
25     (2)    Whether Defendants discriminated against Plaintiff on the basis of color.
26     (3)    Whether the individual defendants subjected Plaintiff to any act of racial harassment.
27     (4)    Whether the individual defendants harassed Plaintiffs based on color.
28     (5)    Whether Plaintiff engaged in any legally protected activity.

(6) Whether Defendants retaliated against Plaintiff for complaining about discrimination and/or harassment, or engaging in any other type of protected activity.

(7) Whether the City had legitimate, non-discriminatory, and non-retaliatory reasons for any employment decision it made regarding or affecting Plaintiff.

(8) Whether Plaintiff can demonstrate pretext so as to rebut a finding of the City's legitimate, non-discriminatory, and non-retaliatory business reasons for any employment decision made regarding or affecting Plaintiff.

(9) Whether Plaintiff suffered any adverse employment action.

(10) Whether a causal link exists between any alleged protected activity of Plaintiff and any alleged adverse employment action taken by the City.

(11) Whether Plaintiff's alleged protected activity was a substantial or motivating factor in any alleged employment action taken by the City.

(12) Whether Plaintiff's race or color was a motivating factor in any alleged employment action taken by the City.

(13) Whether the City would have taken the same alleged employment action regardless of Plaintiff's alleged protected activity.

(14) Whether Plaintiff can establish liability under *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-92 (1978), with respect to his claims under § 1981.

(15) Whether Defendant Thomas's actions were the result of his carrying out his executive and/or administrative functions, thus entitling him to qualified immunity.

(16) Whether the individual defendants acted with malice, oppression or fraud.

(17) Whether Defendant Thomas acted in the performance of his official duties.

(18) What, if any, damages Plaintiffs have suffered as a result of any alleged unlawful employment practice engaged in by Defendants.

(19) Whether Plaintiffs have used due diligence to mitigate their damages, if any.

## IV.   PRINCIPAL LEGAL ISSUES IN DISPUTE

The legal issues in this case are not fully developed at this time, but appear to include:

(1) Whether any of Plaintiff's claims are barred by the applicable statutes of limitations.

(2) Whether Plaintiff's claims are barred by his failure to exhaust his administrative, judicial, and/or contractual remedies.

(3) Whether Defendants are immune from liability under the provisions of the California Government Code or any other applicable provisions of law.

(4) Whether the individual defendants are entitled to qualified immunity on the § 1981 claims.

(5) Whether Plaintiff can establish the elements required for liability under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), for their § 1981 claims.

(6) Whether Plaintiff can establish a *prima facie* case of racial discrimination.

(7) Whether Plaintiff can establish a *prima facie* case of discrimination based on color.

(8) Whether Plaintiff can establish a *prima facie* case of racial harassment.

(9) Whether Plaintiff can establish a *prima facie* case of retaliation.

(10) Whether Plaintiff complied with the jurisdictional prerequisites under the FEHA.

(11) Whether punitive damages are available against the individuals on Plaintiff's claims.

(12) Whether Defendants are entitled to set off any prior recoveries, compensation, or benefits Plaintiff may have received with respect to his alleged injuries or claims and/or any collateral sources, including as provided for in Government Code § 985.

**V.    MOTIONS**

There are no prior motions in this case. At the time of this Joint Case Management Conference Statement, there are no pending motions.

Because this case is in the beginning stages, the parties cannot anticipate all possible motions that they may bring before trial. However, the following are anticipated motions:

Possible Motions by Defendants:

(1) Motions for Summary Judgment or, in the alternative, summary adjudication;
(2) Motion to compel discovery responses, if necessary; and
(3) Motions in limine.

Possible Motions by Plaintiffs:

In view of the Notice of Right to Sue issued to Plaintiff by the United States Department of Justice pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, after this action was filed, and the pending issuances of notices of right to sue from the U.S.

**JOINT CMC STATEMENT / PROPOSED ORDER**     8     n:\labor\li2008\081284\00501885.doc
**CV 08 - 2353 PJH**

Department of Justice and the Department of Fair Employment and Housing, based upon administrative charges of discrimination, filed pursuant to Title VII and the California Department of Fair Employment and Housing Act on May 22, 2008, Plaintiff will move this court for the necessary and appropriate supplementation and amendment of the within action.

## VI. AMENDMENT OF THE PLEADINGS

In view of the Notice of Right to Sue issued to Plaintiff by the United States Department of Justice pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, after this action was filed, and the pending issuances of notices of right to sue from the U.S. Department of Justice and the Department of Fair Employment and Housing, based upon administrative charges of discrimination, filed pursuant to Title VII and the California Department of Fair Employment and Housing Act on May 22, 2008, Plaintiff will move this court for the necessary and appropriate supplementation and amendment of the within action. If and when Plaintiff does so, Defendants will respond in accordance with applicable law.

## VII. EVIDENCE PRESERVATION

Both parties have taken steps to preserve relevant evidence by instructing their respective clients, including instructions to preserve all information and documents, that relate to the allegations in the Complaint.

## VIII. DISCLOSURES

Per the parties' agreement during the Rule 26(f) meet and confer process, and pursuant to the Court's May 7, 2008 Order Setting Initial Case Management Conference and Rule 26, Defendants served Plaintiff with their Initial Disclosures on August 6, 2008. Defendants' Disclosures identified: (1) All persons with discoverable information that they intend to rely upon in support of their claims and defenses in this action and (2) the categories of documents that they will use to support those claims and defenses. Plaintiffs have not served his Initial Disclosures because Plaintiff was out of the country during the month of July.

## IX. DISCOVERY

1. **Discovery To Date**:

Defendants have served one set of special interrogatories and one set of request for production of documents. Defendants also have subpoenaed records from third parties, including the EEOC and DFEH.

2. **Anticipated Discovery/Discovery Plan**:

Defendants have scheduled Plaintiff's deposition for August 12. Defendants anticipate taking the depositions of any relevant experts disclosed by Plaintiff. Defendants also may subpoena documents from additional third parties, if necessary as discovery proceeds in this case. Plaintiffs anticipate taking the depositions of the individual defendants. The parties anticipate serving additional written discovery in the form of interrogatories, document requests and requests for admission. The parties may take the depositions of additional witnesses identified in initial disclosures and through discovery.

3. **Proposed Limitations or Modifications of Discovery Rules**:

At this time, the parties request no other limits on discovery other than those set forth under the Federal Rules of Civil Procedure.

**X.   CLASS ACTION**

Not applicable.

**XI.   RELATED CASES**

Not applicable.

**XII.   RELIEF**

Plaintiff seeks general damages, declaratory judgment, injunctive relief, pain and suffering, compensatory back pay, forward pay, compensatory damages, punitive damages, and removal of negative material from Plaintiff's personnel file, returning Plaintiff to his position.

Defendants deny any and all liability, and further deny that Plaintiffs are entitled to any damages or any other relief. Defendants do not seek any damages.

**XIII.   SETTLEMENT AND ADR**

There have been no ADR efforts to date. At this stage, the parties are unable to evaluate with any confidence the prospects of settlement. However, the parties are willing to participate in

mediation. Pursuant the parties' stipulation, the Court has assigned Joel Franciosa as a Mediator per its August 4, 2008 Order.

### XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

### XV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XVI. NARROWING OF ISSUES

It is unclear at this time whether the issues in this case can be narrowed by agreement, motion, preservation of evidence, or bifurcation of issues. Defendants reserve the right to request bifurcation of damages at a later date. However, Plaintiff will oppose any such request.

### XVII. EXPEDITED SCHEDULE

The parties do not anticipate this case can be handled on an expedited basis with streamlined procedures at this time, although remain open to exploring this option as the case progresses.

### XVIII. SCHEDULING

Given Plaintiff's intent to seek leave to amend the complaint to add additional claims of retaliation based on his termination, it is premature for the parties to agree to a pretrial/trial schedule. Thus, the parties request that the Court not set the pretrial/trial schedule until after Plaintiff files the amended pleading. However, based on the current complaint, the parties agree to the following schedule:

A. Completion of Non-Expert Discovery:     **April 7, 2009**

B. Last Day To Hear Dispositive Motions:     **June 5, 2009**

C. Last Day To Designate Experts And Produce Expert Reports:     **June 26, 2009**

D. Last Day To Designate Rebuttal Experts And Produce Supp. Reports: **July 10, 2009**

E. Completion Of Expert Discovery:     **July 31, 2009**

F. Pre-Trial Conference: **August 18, 2009**

G. Trial Date:     **September 21, 2009**

**JOINT CMC STATEMENT / PROPOSED ORDER**     11     n:\labor\li2008\081284\00501885.doc
**CV 08 - 2353 PJH**

**XIX.   TRIAL**

Plaintiff has requested a jury trial. The parties anticipate that this case can be tried in approximately 5-7 days. Defendants expect to significantly narrow any triable issues through pre-trial motions, including motions for summary judgment.

**XX.    Disclosure of Non-Party Interested Entities or Persons**

Not applicable.

**XXI.   Such Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter**

None at this time.

Dated: August 7, 2008                               Respectfully submitted,

                                                  DENNIS J. HERRERA
    City Attorney
    ELIZABETH S. SALVESON
    Chief Labor Attorney
    ADELMISE ROSEMÉ WARNER
    Deputy City Attorneys

    By:_____/s/_____
    ADELMISE ROSEMÉ WARNER
    Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO, ET AL.

Dated: August 7, 2008                               By:_____/s/_____
    CURTIS G. OLER
    LAW OFFICES OF CURTIS G. OLER
    Attorney for Plaintiff
    ELBERT HARRIS, III

1 **CASE MANAGEMENT ORDER**

2 The foregoing joint statement is adopted by this Court as the Case Management Order in this

3 action in accordance with Civil Local Rule 16-9 and other applicable Local Rules, and shall govern

4 all further proceedings in this action.

5 **IT IS SO ORDERED.**

7 Dated:

_____
HON. PHYLLIS J. HAMILTON
United States District Court Judge